UNITED STATES, Appellee,

v.

Private E–2 Brett J. LAUSIN, SSN
296–60–7123, United States
Army, Appellant.

SPCM 19313.

U.S. Army Court of Military Review.

31 July 1984.

Captain Alan D. Groesbeck, JAGC, argued the cause for appellant. With him on the brief were Major Robert M. Ott, JAGC, and Major Stephen R. Dooley, JAGC.

Captain Diana Moore, JAGC, argued the cause for appellee. With her on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Andrew D. Stewart, JAGC.

Before SUTER, McKAY, and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Senior Judge:

Contrary to his pleas, the appellant, Private Lausin, was convicted by special court-martial of destruction of government property, housebreaking, larceny, and two specifications of false swearing in violation of Articles 109, 130, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. 909, 930, 921, and 934 (1976), respectively. He was sentenced by officer members to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $300.00 pay per month for six months. The convening authority approved the findings and sentence.

On appeal, Lausin assigns a single error: that the military judge erroneously failed to afford him a hearing on his motion to suppress four statements he made to law enforcement agents. We agree there was error.

Early on the morning of Christmas Day, 1982, the appellant was apprehended by a Criminal Investigation Command (CID)

agent as a suspect in the break-in and larceny of three bottles of whiskey from the Sunburst Inn, a noncommissioned officer's club on Fort Hood, Texas. He was taken to the CID office and advised of his Article 31, UCMJ, rights. Private Lausin then provided a sworn statement denying any involvement in the theft and explaining that he received the two bottles of whiskey found in his possession from a female friend.

On 29 December 1982, Lausin was readvised of his rights and informed that he was then suspected of false swearing as well as housebreaking and larceny. Private Lausin thereafter executed a second sworn statement affirming the truthfulness of his prior statement. On 10 January 1983, Lausin was again advised of his rights, at which time he executed a third sworn statement admitting that he had not received the whiskey from his female friend, but denying that he had broken into the Sunburst Inn. Private Lausin was interviewed for a fourth time on 18 February 1983. He was readvised of his rights and executed a fourth statement admitting that, on Christmas Eve, he had broken a window to gain entry into the Sunburst Inn and had removed the three bottles of whiskey. Private Lausin was then charged not only with destruction of government property, housebreaking, and larceny, but also with having wrongfully made two false sworn statements, one on 25 December 1982, and one on 10 January 1983.

At trial, Lausin's trial defense counsel moved to suppress all four of the sworn statements, arguing that the appellant was so intoxicated at the time he was informed of his rights on 25 December that he did not freely, knowingly, and intelligently waive those rights before executing the first sworn statement. The trial defense counsel further argued that, before the subsequent statements were rendered, Lausin was threatened with prosecution for false swearing with regard to the 25 December statement, and that the statements of 29 December, 10 January, and 18 February were therefore inadmissible by virtue of having been tainted by the involuntariness of the first statement.

The military judge refused to hear evidence on the appellant's motion, reasoning that the issue of whether the statements were voluntary as a matter of law was irrelevent to their admissibility because they formed the *res gestae* of the false swearing charge.

 Assuming, *arguendo*, that Lausin's waiver of his Article 31, UCMJ, rights was somehow defective, we nevertheless believe that the statements themselves were admissible as evidence of the appellant's guilt of false swearing. The prohibitions of Article 31 and the fifth amendment against coerced confessions are based upon the concept that involuntary statements must be excluded because of their inherent potential for unreliability. *United States v. Lewis*, 12 M.J. 205 (C.M.A.1982), *cited with approval in United States v. Olson*, 17 M.J. 176 (C.M.A.1984). In this case, we are concerned with the fact that the statements themselves were made, not whether the contents of such statements are in fact reliable. We find the situation in this case to be similar to that confronting the Court of Military Appeals in *Lewis*, 12 M.J. 205, where the Court found that the consideration of a "statement", apart from the truth of its words, is akin to the situation of a witness who, though having the right to assert the privilege against self-incrimination, chooses instead to testify falsely: "Whether or not his unwarned testimony—had it been truthful—would have been admissible against him in a trial for some other crime, his false testimony will support a conviction for perjury, an offense entirely separate from that upon which he had been testifying." *Id.* at 208 (citing *United States v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976)).

Thus, while Private Lausin's statements, if involuntary, could not be used against him to establish his guilt of the destruction of government property, housebreaking, and larceny charges (Charges I, II, and III, respectively), the statements were admissi-

ble as evidence of his guilt of false swearing.

The military judge, however, failed to make this distinction. The appellant's motion to suppress extended not only to the sworn statements alleged to be false, but also to appellant's fourth statement, in which he confessed to the break-in and larceny. Hence, once Lausin raised the question of whether his initial (25 December) statement was voluntary and further alleged that the subsequent statements were tainted by the first, the military judge was required to grant him a hearing on the voluntariness issue before allowing the admission into evidence of the 18 February statement as proof of Charges I, II, and III. *See Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Mil.R. Evid. 304(e), (f). Accordingly, we hold that the military judge erred in failing to grant appellant a hearing on the voluntariness of his statement of 25 December 1982.

The case is returned to The Judge Advocate General of the Army for submission to an appropriate convening authority. The convening authority may, if he determines that further proceedings are impractical, dismiss the charges against Private Lausin. Alternatively, he may refer the record to a court-martial for a limited hearing on the voluntariness of Lausin's 25 December statement. At the conclusion of such proceedings, the military judge will enter findings of fact and conclusions of law. The record will then be returned directly to this Court. *See United States v. Vietor*, 10 M.J. 69 (C.M.A.1980).

Chief Judge SUTER and Judge WATKINS concur.